# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| **MARITES G. DE LA PAZ,** | )  |
| Plaintiff, | ) 1:15-CV-00005 JWS |
| vs. | ) **ORDER AND OPINION** |
| **MEGAN J. BRENNAN, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE,** | ) [Re: Motion at docket 14] |
| Defendant. | ) |

## I. MOTION PRESENTED

At docket 14, Defendant Megan J. Brennan, Postmaster General of the United States Postal Service ("Defendant"), filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to exhaust administrative remedies. Plaintiff Marites G. De La Paz ("Plaintiff") responds at docket 16. Defendant replies at docket 20. She files supplemental material at dockets 19 and 22. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

Plaintiff filed a formal EEO complaint of discrimination on March 31, 2014. On September 2, 2014, she received the EEO investigation report.[1] The report stated that Plaintiff had 30 days to request a hearing before an administrative law judge ("ALJ") or a final agency decision without a hearing ("FAD") would be issued. Thus, Plaintiff's deadline for requesting a hearing with an ALJ was October 2, 2014. The investigative report included the form necessary to request a hearing, and it outlined what would follow any final ALJ decision. Plaintiff did not request a hearing at that time, and, consequently, on November 20, 2014, the United States Postal Service ("USPS") issued a FAD, denying her claim.[2] Plaintiff and her attorney received the FAD on November 24, 2014.

The FAD provided notice of Plaintiff's appeal rights.[3] Plaintiff had the right to appeal the FAD to the Equal Employment Opportunity Commission ("EEOC") within 30 calendar days of receipt of the decision. Thus, Plaintiff's appeal deadline was December 24, 2014. The FAD instructed Plaintiff to use Form 573 when filing an appeal with the EEOC and to mail the form to the EEOC's Office of Federal Operations in Washington, D.C. The FAD informed Plaintiff that a copy of the necessary form was attached to the decision, and, indeed, the form was included with Plaintiff's FAD.[4] The FAD also informed Plaintiff that, rather than filing an appeal with the EEOC, she could bring a civil action in the appropriate U.S. District Court within 90 calendar days of her receipt of the FAD. Plaintiff's deadline for filing a civil action was February 25, 2015.

On December 23, 2014, Plaintiff, through her attorney, filed a request for a hearing with an ALJ, even though the deadline for such a request had passed and the

---

[1] Doc. 16-2.

[2] Doc. 16-4.

[3] Doc. 16-4 at pp. 28-29.

[4] Doc. 16-4 at p. 30

USPS had already issued its FAD.  She sent the request to the EEOC's Hearing Unit in Seattle, Washington.  She did not file the requisite appeal form with the EEOC's Office of Federal Operations in Washington D.C.  The EEOC's Hearing Unit processed the request, and the USPS then designated a representative as directed.[5]  A status conference with the administrative law judge was held on March 24, 2015, and the parties proceeded with discovery.  Plaintiff filed her civil action with the court on May 20, 2015, and, given the pending civil action, the ALJ consequently dismissed the EEOC complaint.[6]  Defendant filed the motion to dismiss based on Plaintiff's failure to file her Title VII action within the 90-day filing period.

### III. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a plaintiff's claims. In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[7]

The requirement for filing a Title VII civil action within 90 days constitutes a statute of limitations rather than a jurisdictional prerequisite.[8]  Therefore, the motion to dismiss based on the timeliness of the complaint can be brought as a Rule (12)(b)(6) motion.[9]  However, the failure to comply with the 90-day requirement is subject to the usual limitations defenses of waiver, estoppel, and equitable tolling.[10]  Such issues are

---

[5]Doc. 19-1; Doc. 16-6.

[6]Doc. 16-9.

[7]*Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[8]*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 365, 393 (1982); *Scholar v. Pac. Bell*, 963 F.2d 264, 266–67 (9th Cir.1992).

[9]*Tadesse v. Tungland Corp.*, No.13-cv-02440, 2014 WL 4755519, at *1 (D. Ariz. Sept. 24, 2014); *see also Anjelino v. New York Times Co.*, 200 F.3d 73, 88 (3d Cir. 1999) (motions to dismiss for failure to file a Title VII civil action within the ninety-day filing period should be considered under Rule 12(b)(6) and not 12(b)(1)).

[10]*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 365, 393 (1982); *Scholar*, 963 F.2d at 267.

often resolved based on materials outside the pleading, and therefore "it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss" when such matters are at issue.[11]  "[O]nly if the assertions of the complaint, read with required liberality, would not permit the plaintiff to prove that the statute was tolled" should the motion to dismiss be granted.[12]

Where the timeliness issue cannot be determined from the face of the complaint, a motion for summary judgment is the proper procedure.  Under Rule 12(d), "if matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," as long as the parties have been given an opportunity to present all material that is pertinent to the motion.[13]

Here, Defendant raised the issue of timeliness through a Rule 12(b)(6) motion to dismiss and relied solely on the complaint.  It is clear from the face of the complaint that it was not filed within the 90-day period.  However, in response, Plaintiff raised equitable tolling and estoppel defenses and filed materials outside of the pleadings.  Defendant then supplemented the record with her own materials in support of her argument that equitable tolling and estoppel do not apply.  Given that both parties have had the opportunity to file materials with the court and given that the facts surrounding Plaintiff's EEOC and district court filings are not in dispute, the motion will be converted to one for summary judgment.

## IV.  DISCUSSION

It is undisputed that Plaintiff filed her civil action with the court on May 20, 2015, about three months after the 90-day filing deadline.  It is also undisputed that Plaintiff did not file the correct appeal form, or any form for that matter, with the federal

---

[11]*Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006).

[12]*Morales v. City of L.A.*, 214 F.3d 1151, 1153 (9th Cir. 2000) (internal quotation mark omitted).

[13]Fed. R. Civ. P. 12(d).

operations office of the EEOC. She instead filed a request for an ALJ hearing with the EEOC's Hearing Unit in Seattle. Plaintiff argues that her delay in filing the civil complaint is excusable because she reasonably believed she had properly filed an appeal with the EEOC and did not realize that the 90-day clock was running. She argues that the EEOC processed her request and the USPS participated in the ALJ hearing process without informing her that such a procedure was improper and untimely, thereby reaffirming her belief that the request for a hearing on her discrimination complaint effectively stopped the 90-day deadline clock from running. She requests that the court equitably toll the 90-day deadline during the time that her request for a hearing was being processed.

Equitable tolling is applied so that the court can "accord all the relief necessary to correct . . . particular injustices."[14] "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."[15] "'[A] garden variety claim of excusable neglect, such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling.'"[16] "Instead, a litigant must show that "extraordinary circumstances were the cause of his untimeliness and . . . ma[de] it impossible to file [the document] on time."[17]

Plaintiff has not shown the presence of extraordinary circumstances at play here. Plaintiff's attorney filed a request for a hearing on a discrimination complaint that had already been finally decided by the USPS after she failed to timely request an ALJ hearing. Plaintiff and her attorney received the FAD, which indicated that she had not

---

[14]*Holland v. Florida*, 560 U.S. 631, 650 (2010) (internal quotation marks omitted).

[15]*Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (internal citations and quotations omitted).

[16]*Id.* (quoting *Holland*, 560 U.S. at 651-52).

[17]*Id.* (internal quotation mark omitted).

requested a hearing on time. The FAD clearly laid out the next steps in the process, which was an appeal with the EEOC or a civil action in federal district court, not an ALJ hearing. The FAD instructed her to file a specific form if she wanted to appeal the decision and provided her with a copy of that specific form. There was nothing unclear or inadequate about the FAD's instructions or its statement of her appeal rights. Plaintiff's attorney simply failed to follow the directions. The court concludes that the failure of an attorney to correctly follow directions is tantamount to a deadline miscalculation, which the Supreme Court has described as "a garden variety claim" of attorney negligence that does not justify equitable tolling.[18]

Plaintiff argues that mistakenly filing the wrong form is like a defective pleading and that a defective pleading should not prevent her from seeking relief in district court. While filing the incorrect form to in the incorrect office may nonetheless demonstrate diligence on Plaintiff's part, equitable tolling also requires that an extraordinary circumstance—some obstacle outside of her control—prevented her from filing the proper appeal form. There was no such extraordinary circumstance here. Moreover, this was not a mere technical deficiency, where the wrong form was otherwise filed properly. Plaintiff did not actually file any appeal with the EEOC's federal office as required; she requested a completely different procedure, and sent her request to a different department in a different city.

Plaintiff also argues that the USPS's actions prevented her from realizing her mistake in time when it appointed a representative and moved forward with the ALJ proceeding. In essence, Plaintiff raises an estoppel argument. Equitable estoppel requires a showing that the party to be estopped knew the true facts and intended to induce reliance on his actions or statements and that the other party was ignorant of the

---

[18] *Holland*, 560 U.S. at 651-52; *see also Griffith v. Rednour*, 614 F.3d 328, 331 (7th Cir. 2010) ("*Holland* tells us that a simple legal mistake does not excuse an untimely filing."); *Menominee Indian Tribe of Wis. v. United States*, 764 F.3d 51, 58 (D.C. Cir. 2014) (listing cases in which attorney error did not support equitable tolling).

true facts and, in fact, relied on the other party's actions or statements.[19] A party asserting equitable estoppel against the government must show that the government made an affirmative misrepresentation, actively concealed material facts, or otherwise engaged in affirmative misconduct.[20] There has been no showing of affirmative misrepresentation or misconduct here. Plaintiff relies on the fact that the EEOC assigned an ALJ to the complaint, and the USPS designated a representative and moved forward with the hearing. However, as noted by Defendant, the 90-day deadline expired on February 25, 2015. All the EEOC did by that date was assign an ALJ and ask the USPS to appoint a representative. The USPS simply complied and appointed a representative. Such ministerial acts are not affirmative conduct. The fact that the agency participated in a status hearing and engaged in discovery in late March, after the February 25th deadline, is immaterial, as the 90-day deadline had already expired, and thus, Plaintiff could not have detrimentally relied on such conduct. Plaintiff provides no authority to support her argument that Defendant had a duty to inform her attorney that the request for an ALJ hearing was untimely and was not the proper appeal procedure.

## V. CONCLUSION

Based on the preceding discussion, Defendant's motion at docket 14 is **GRANTED**. The court having granted summary judgment for defendant, the Clerk will please enter judgment for defendant.

DATED this 14th day of December 2015.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[19]*Baccei v. United States*, 632 F.3d 1140, 1147 (9th Cir. 2011).

[20]*Id.*